**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| APRIL WELLS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO. _____ |
| VS. ) | |
| ) | |
| ATANER, CORPORATION AND FEDEX, ) | HON. |
| GROUND PACKAGE SYSTEMS, INC., ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

CARLA D. AIKENS, P.C.
Carla D. Aikens, (P69530)
Connor B. Gallagher (82104)
615 Griswold St., Ste. 709
Detroit, MI 48226
Tel:   (844) 835-2993
Fax:   (877) 454-1680
carla@aikenslawfirm.com
connor@aikenslawfirm.com
*Attorneys for Plaintiff April Wells*

---

**COMPLAINT**

PLAINTFF, APRIL WELLS, by and through her attorneys, CARLA D. AIKENS, P.C., submits the following Complaint against DEFENDANT ATANER CORPORATION AND DEFENDANT FEDEX GROUND PACKAGE SYSTEMS (collectively, "Defendants").

**JURY DEMAND**

COMES NOW PLAINTIFF, April Wells, and hereby makes her demand for trial by jury.

**JURISDICTION**

1.  Plaintiff April Wells was a resident of Wayne County in the State of Michigan for all times relevant to this action.

1

2. Defendant Ataner Corporation is a Domestic Profit Corporation whose headquarters is located at 108 Foxboro Dr., Rochester Hills, MI, 48309.

3. Defendant FedEx Ground Package Systems, Inc. Corporation is a Foreign Profit Corporation who conducts business in every county in Michigan.

4. This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

5. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

## VENUE

6. Venue is proper in the Eastern District of Michigan pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiffs' claims occurred in this District.

## STATEMENT OF FACTS

7. Defendant Ataner Corporation hired Plaintiff to the job title of driver and package deliverer in November of 2017.

8. Renata Augustyniak is the owner and operator of Defendant Ataner Corporation.

9. Plaintiff, through Defendant Ataner, worked solely on deliveries for Defendant FedEx Corporation.

10. Defendant Ataner Corporation was a contractor in name only for Defendant FedEx Corporation, and Plaintiff was the employee of both entities.

11. While working for Defendant Ataner, Plaintiff would routinely hear Ms. Augustyniak make comments related to employees' ages.

12. For example, om one occasion Ms. Augustyniak said directly to Plaintiff that a co-worker of hers, "Regina," was not going to last because she was getting older and could not jump in and out of trucks as well any longer.

13. Additionally, while employed by Defendant Ataner, Plaintiff would hear Ms. Augustyniak routinely make comments related to employees' gender and how that affected their ability to perform tasks; specifically, that the men could lift more and heavier objects, and, in turn, were more useful employees.

14. Additionally, while working for Defendant Ataner, Plaintiff would witness Ms. Augustyniak give preferential and more work to the male employees over the female employees.

15. Moreover, Defendant Ataner had a practice of providing male employees with higher wages, despite the fact that Plaintiff was more qualified, with a better work record.

16. For instance, the only reason Plaintiff was provided with the ability to be the main driver of a vehicle was because the male who was previously in that position, who was not terminated, had been in four accidents within a short period of time.

17. Plaintiff made complaints to Defendant Ataner's management regarding the different treatment; however, no investigation was done nor was the problem ever rectified.

18. Instead, Plaintiff faced backlash and retaliation for bringing up the fact of the different treatment.

19. On January 11, 2018, Plaintiff was involved in a minor car accident while driving her work vehicle, in which the accident report clearly states that she remained at the scene of the accident for the report to completed.

20. Immediately after the accident, Plaintiff reported it to her supervisor, following all company policy regarding accidents.

3

21. Despite the fact that Plaintiff followed company policy, on January 13, 2018, Plaintiff was abruptly terminated by her supervisor, Ms. Augustyniak, for allegedly leaving the scene of the accident; a fact that is clearly refuted by the police report, which was provided to Defendant.

22. Additionally, the owner of the entity where the accident occurred stated that Plaintiff did not leave the scene of the accident.

23. Plaintiff repeatedly attempted to inform Ms. Augustyniak that she indeed stayed on the scene of the accident until the police officer dismissed her; however, Ms. Augustyniak maintained her position that Plaintiff was terminated for cause because she left the scene of the January 11, 2018 accident.

24. Upon information and belief, according to company policy, drivers are permitted three accidents per year, so long as they report them in a timely fashion and do not leave the scene of the accident.

25. Plaintiff is aware of multiple former co-workers, who were white, male and/or younger, who have had multiple accidents in a short period of time, yet were not terminated.

26. Upon information and belief, Plaintiff believes that the individuals with multiple accidents were not even disciplined.

27. Most egregiously, Plaintiff was tasked to drive for a specific employee because he had four prior accidents, and this employee was not terminated.

28. Moreover, Plaintiff is aware of at least one employee who did not report an accident in which they were involved, and when Defendant Ataner's management found out, that employee was not terminated.

4

29. Plaintiff believes that Defendant's position as to why Plaintiff was fired was in fact pretext, and she was actually fired with discriminatory intent to terminate older, Black, and female employees after Defendant's busy season ended.

30. Defendants laid off every female driver and package deliverer when there were layoffs once the busy season ended.

31. Additionally, Defendants laid off older workers at a disproportionate rate when deciding to lay-off workers.

32. After Plaintiff was terminated, she was declined employment by a separate FedEx "contractor" and was informed that she was listed as ineligible for rehire.

33. When Plaintiff inquired into why, she was informed that the "contractor" only informed Plaintiff that they were informed by Defendant FedEx through Defendant Ataner that Plaintiff allegedly failed to admit to an accident, failed to report an accident in a timely manner, and had left the scene of an accident.

34. Plaintiff informed the next "contractor" and agents of Defendant FedEx that this was not the case, and that this was the result of false and discriminatory information provided to them.

35. Upon information and belief, Defendant FedEx never conducted an investigation into Plaintiff's allegations that they were provided with false information because of prior discriminatory business practices.

36. As a result, Ms. Augustyniak's false and discriminatory statements caused Plaintiff to miss out on later employment opportunities.

37. Thereafter, Plaintiff tried to exhaust her federal administrative remedies by filing an intake questionnaire with the Michigan Department of Civil Rights ("MDCR") on the basis of her (1) race, (2) sex, and (3) age.

38. Plaintiff received two notices of her right to file a lawsuit related to each Defendant, and has brought this claim within 90 days of receipt of both notices.

39. However, Plaintiff did not receive these notices for over three years, and, accordingly, was forced to file a lawsuit in Oakland County Circuit Court to preserve her state claims of relief, which she hopes to have consolidated in to this claim.

40. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT I
## HARASSMENT & DISCRIMINATION ON THE BASIS OF PLAINTIFF'S SEX AND GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")

41. Plaintiff incorporates by reference all allegations in the preceding paragraphs as if alleged herein.

42. At all material times Plaintiff was employed by Defendants.

43. Defendants are covered "employer[s]" within the meaning of Title VII of the Civil Rights Act of 1964.

44. A respondeat superior relationship existed because Renata Augustyniak had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activities.

45. Defendant FedEx, because it controlled the work of Plaintiff with Defendant Ataner, was also an employer, and Defendant Ataner was a contractor in name only to Defendant FedEx.

46. Plaintiff is a woman, and, as a result, is a member of a protected class pursuant to Title VII.

47. Defendants had a process of providing higher wages and preferential positions to male employees.

48. Similarly situated male employees made more money than Plaintiff, and, were provided with advantageous positions, hours, routes, and opportunities to work.

49. For example, Plaintiff, who had previous work experience in the field, and, even with this company, upon information and belief, made far less hourly than her less experienced male coworkers.

50. Moreover, upon information and belief, Defendants had a process of laying off and terminating female employees, and held those employees to different standards, because Defendants deemed them less useful for business endeavors because of their sex and gender.

51. Finally, Defendants did not hold male employees to the same standards as it did female employees in terms of punishment, and, males would not be punished for the same infraction Plaintiff was allegedly terminated for.

52. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

53. Defendants and their agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

54. Plaintiff notified Defendants, through their agents, of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

55. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

56. As a proximate result of the Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

57.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

58.     Plaintiff requests the relief as described in the Prayer for Relief below.

## COUNT II
## TITLE VII – GENDER BASED DISCRIMINATION-WAGE

59.     Plaintiff incorporates by reference all allegations in the preceding paragraphs as if alleged herein.

60.     At all material times Plaintiff was employed by Defendants.

61.     Defendants are covered "employer[s]" within the meaning of Title VII of the Civil Rights Act of 1964.

62.     A respondeat superior relationship existed because Renata Augustyniak had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activities.

63.     Defendant FedEx, because it controlled the work of Plaintiff with Defendant Ataner, was also an employer, and Defendant Ataner was a contractor in name only to Defendant FedEx.

64.     Defendants had a process of providing higher wages and preferential positions to male employees.

65.     Similarly situated male employees made more money than Plaintiff, and, were provided with advantageous positions, hours, routes, and opportunities to work.

66.     For example, Plaintiff, who had previous work experience in the field, and, even with this company, upon information and belief, made far less hourly than her less experienced male coworkers.

67.     Moreover, upon information and belief, Defendants had a process of laying off and

terminating female employees, and held those employees to different standards, because Defendants deemed them less useful for business endeavors because of their sex and gender.

68. Finally, Defendants did not hold male employees to the same standards as it did female employees in terms of punishment, and, males would not be punished for the same infraction Plaintiff was allegedly terminated for.

69. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

70. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

71. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT III**
**EQUAL PAY ACT – GENDER BASED WAGE DISCRIMINATION**

72. Plaintiff incorporates by reference all allegations in the preceding paragraphs as alleged herein.

73. At all material times Plaintiff was employed by Defendants.

74. Defendants are "employer[s]" within the meaning of Federal Standard Labor Act, 29 USC 206.

75. A respondeat superior relationship existed because Renata Augustyniak had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activities.

76. Defendant FedEx, because it controlled the work of Plaintiff with Defendant Ataner, was also an employer, and Defendant Ataner was a contractor in name only to Defendant FedEx.

77. Defendants had a process of providing higher wages and preferential positions to male

employees.

78.     Similarly situated male employees made more money than Plaintiff, and, were provided with advantageous positions, hours, routes, and opportunities to work.

79.     By failing to pay Plaintiff a wage equal to her male co-workers, Defendants violated *Section 6 of the Fair Labor Standards Act, 29 USC 206(d),* which makes it unlawful to pay employees of the opposite sex differently for the same work.

80.     For example, Plaintiff, who had previous work experience in the field, and, even with this company, upon information and belief, made far less hourly than her less experienced male coworkers.

81.     Moreover, upon information and belief, Defendants had a process of laying off and terminating female employees, and held those employees to different standards, because Defendants deemed them less useful for business endeavors because of their sex and gender.

82.     Finally, Defendants did not hold male employees to the same standards as it did female employees in terms of punishment, and, males would not be punished for the same infraction Plaintiff was allegedly terminated for.

83.     As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

84.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

85.     Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT IV**
**HARASSMENT & DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII**

86.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

87. At all material times, Plaintiff was an employee, and Defendants were her employers covered by, and within the meaning, Title VII, as amended.

88. A respondeat superior relationship existed because Renata Augustyniak had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activities.

89. Defendant FedEx, because it controlled the work of Plaintiff with Defendant Ataner, was also an employer, and Defendant Ataner was a contractor in name only to Defendant FedEx.

90. Defendants' conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate against an employee on the basis of that employee's race.

91. Plaintiff is an African-American woman, and, as a result, is a member of a protected class pursuant to Title VII.

92. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

93. Plaintiff faced discrimination and uneven treatment, culminating into her termination, because of her race, in violation of the Title VII and as alleged in the statement of facts.

94. Moreover, upon information and belief, Defendants had a process of laying off and terminating African-American employees, and held those employees to different standards than their white co-workers.

95. Additionally, upon information and belief, Defendants paid white employees more than African-American employees, regardless of skill or experience.

96. Defendants and their agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

97. Plaintiff notified Defendant, through its agents, of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

98. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

99. As a proximate result of the Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

100. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

101. Plaintiff requests the relief as described in the Prayer for Relief below.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII

102. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

103. At all material times Defendants were employers of Plaintiff and Plaintiff was an employee of Defendants, covered by, and within the meaning of Title VII.

104. A respondeat superior relationship existed because Renata Augustyniak had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activities.

105. Defendant FedEx, because it controlled the work of Plaintiff with Defendant Ataner, was also an employer, and Defendant Ataner was a contractor in name only to Defendant FedEx.

106. Defendants' conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

107. Plaintiff engaged in protected activity when she reported the issues of different treatment to her supervisors of Defendant Ataner.

108. Additionally, Plaintiff engaged in protected activity when she reported the false and discriminatory content within her employee file to an agent of Defendant FedEx.

109. Defendants, through their employees, had knowledge that Plaintiff engaged in protected behavior because she reported directly to the agents of Defendants.

110. Agents of Defendants took adverse employment actions against Plaintiff culminating in Plaintiff's termination.

111. Additionally, adverse employment action was taken against Plaintiff when she was later unable to be employed by a different contractor in name only of Defendant FedEx.

112. But for Plaintiff's participation in protected activity, Defendants would not have taken the adverse employment actions against Plaintiff.

113. Defendants and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

114. Plaintiff notified Defendants and its agents of the unwelcomed conduct and communication, however, Defendants failed to remedy the situation.

115. The communication and conduct was unwelcomed, and was intended to, or in fact did substantially interfere with the Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

116. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

117. As a result of those actions and consequent harms, Plaintiff has suffered such damages in

an amount to be proven at trial.

118. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI
## HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF TITLE VII

119. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

120. At all material times Defendants were employers of Plaintiff and Plaintiff was an employee of Defendants, covered by, and within the meaning of Title VII.

121. A respondeat superior relationship existed because Renata Augustyniak had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activities.

122. Defendant FedEx, because it controlled the work of Plaintiff with Defendant Ataner, was also an employer, and Defendant Ataner was a contractor in name only to Defendant FedEx.

123. Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

124. Defendants' agents' comments and usage of systematic abuse, especially to the older, African-American, and female employees, created an intimidating, hostile, and abusive environment at Plaintiff's workplace.

125. This communication and conduct was unwelcomed.

126. The unwelcomed conduct or communication was intended to, or in fact did, substantially interfere with Plaintiff's employment and her ability to do her job; and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

127. As a direct and proximate result of Defendants' discriminatory actions, Plaintiff has

14

suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

128. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

129. Plaintiff requests relief as described in the Prayer for Relief below.

## RELIEF REQUESTED

PLAINTIFF, APRIL WELLS, RESPECTFULLY REQUESTFS that this Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Exemplary damages in whatever amount which Plaintiff is entitled;
3. Punitive Damages in whatever amount which Plaintiff is entitled;
4. An award of lost wages and the value of fringe benefits, past and future;
5. An award of emotional distress damages in whatever amount to be proven at trial;
6. An award of interest, costs, and reasonable attorney fees; and
7. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: May 5, 2021

Respectfully Submitted,

CARLA D. AIKENS, P.C.

/s/ *Connor B. Gallagher* _____
Connor B. Gallagher (P82104)
615 Griswold St., Ste. 709
Detroit, MI 48226
Tel:   (844) 835-2993
Fax:   (877)454-1680
connor@aikenslawfirm.com
*Attorneys for Plaintiff*