UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL WELLS,

    Plaintiff,

v.

ATANER CORPORATION and
FEDEX GROUND PACKAGE
SYSTEMS INC.,

    Defendants.
_____/

Case No. 2:21-cv-11032
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL DISCOVERY (ECF No. 37)

**I.**

This is an employment discrimination case. Plaintiff April Wells (Wells) is suing Defendants Ataner Corporation (Ataner) and FedEx Ground Package Systems Inc. (FedEx) claiming that she was fired because of defendants' discriminatory desire to eliminate older, black, and female employees at the end of the companies' busy season. *See* ECF No. 1.

Before the Court is Wells' motion to compel supplemental discovery directed at FedEx. (ECF No. 37). The motion has been referred to the undersigned. (ECF No. 38). As will be explained, Wells' counsel has failed to

1

comply with the Court's requirements for discovery motions and other directives. Accordingly, the motion will be DENIED WITHOUT PREJUDICE.

## II.

On February 17, 2023, Wells filed the instant motion seeking supplemental discovery from FedEx. (ECF No. 37). On March 3, 2023, FedEx filed a response. (ECF No. 40). A few days later, on March 7, 2023, the undersigned entered a Notice of Determination of Motion Without Oral Argument that directed the parties to file a statement of resolved and unresolved issues ("joint statement") by March 21, 2023. (ECF No. 43). That deadline passed with no joint statement filed.

A week later, on March 28, 2023, Chambers staff emailed counsel for the parties and informed them that the joint statement was overdue and requested that it be filed by close of business that day. Before the close of business, FedEx filed a statement, stating in relevant part:

> Plaintiff has not conferred with Defense Counsel-pursuant to Magistrate Judge Altman's Notice of Determination of Motion without Oral Argument (ECF No. 43). On March 28, 2023, Defense counsel sent Plaintiff's counsel an email inviting her to confer on the issues raised in her motion. Defense counsel has not received a response from Plaintiff's counsel and is scheduled to fly out of town this evening. As such, counsel files this statement of Resolved and Unresolved Issues.

(ECF No. 49, PageID.1339). FedEx then went on to state that it would produce some of the requested documents, but not others because they were either not

2

within its control or because the requests were overbroad, unduly burdensome, and sought information not relevant to the claims in the case. (*Id*., PageID.1339-1341).

Meanwhile, counsel for Wells emailed Chambers staff and requested additional time to file a joint statement. Chambers staff stated that counsel could have until the close of business on March 29, 2023. At the very end of the business day on March 29, 2023, counsel for Wells filed a statement. The statement does not indicate that counsel conferred with counsel for FedEx and is simply a copy and paste of all of the outstanding discovery requests that form the basis of the motion. (ECF No. 50).

On March 30, 2023, the Court entered a Notice to Appear by Telephone for a status conference on April 6, 2023, at 11:00 a.m. to discuss the motion to compel. (ECF No. 51). Chambers staff also emailed counsel for both parties and informed them that this was "a firm date and time."

On April 6, 2023, counsel for FedEx and Ataner joined the call at or before 11:00 a.m. The Court and counsel waited for counsel for Wells to join. Shortly after 11:00 a.m., Chambers staff called counsel for Wells' office. No one answered, so Chambers staff left a voicemail. The Court then informed counsel for FedEx and Ataner that it would be disposing of the motion and ended the call. An hour later, counsel for Wells emailed chambers staff and asked how to take care of the matter.

3

### III.

Since filing the motion to compel, counsel for Wells has not only failed to confer with counsel for FedEx to file a joint statement but has also failed to appear for a phone conference. After the fact apologies and excuses are insufficient. The motion to compel is DENIED WITHOUT PREJUDICE for failing to comply with the Court's directives. *See Lott v. Coyle*, 261 F.3d 594, 604 (6th Cir. 2001) (concluding that the district court permissibly denied motion to compel where parties failed to confer by telephone conference); *Mohney v. USA Hockey, Inc.*, 5 F. App'x 450, 460 (6th Cir. 2001) (determining that the district court did not abuse its discretion in denying discovery request because party failed to meet the requirements of a local rule before filing a motion to compel).

If counsel for Wells chooses to file a new motion raising any of the discovery requests at issue in ECF No. 37, counsel must include with the motion a declaration stating that counsel has met and conferred with opposing counsel prior to filing the motion.

SO ORDERED.

Dated: April 6, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2023.

                                              s/Carolyn Ciesla
                                              CAROLYN CIESLA
                                              Case Manager